**Commonwealth v. Sprecher**

*Richard C. Brittain*, District Attorney, for Commonwealth.

*H. Richard Agler*, for defendant.

MYERS, P. J., September 5, 1973.—Defendant has been charged with violating section 1028(a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, §1028, namely, failure to obey a lawful sign.

The facts of the case are essentially undisputed. On Sunday afternoon, March 4, 1973, defendant was traveling East on Interstate Route 80 in Montour County, Pa., with his wife and three minor children. The weather was clear and the roadway dry.

Defendant's vehicle suffered a damaged fan belt, and being acquainted in the area, defendant used the next crossover with the intent of proceeding west on Route 80 to a service station known to him, for the purpose of securing a new fan belt.

The crossover was clearly posted with official highway signs which read "Emergency and Authorized Vehicles Only."

Defendant explained his actions by testifying that he considered this an emergency, and that he interpreted the sign to allow crossovers in an emergency situation. Defendant also testified that he believed it would be safer and more sensible to proceed as he did than to sit along Route 80 on a Sunday afternoon with three small children in the car, waiting for help in the form of a service vehicle.

On the other hand, the Commonwealth contends that the sign was intended to permit only "Emergency . . . Vehicles" to utilize this crossover and that defendant should have used the next exit off Route 80 from the East bound lane.

It is fundamental that the statute in question is penal in nature and must be strictly construed.

It is also basic that this proceeding is criminal in nature, and the Commonwealth has the burden of proving defendant guilty beyond a reasonable doubt. Therefore, any reasonable doubt must be construed in defendant's favor.

Obviously, thousands of motorists depend upon the language and markings of highway signs to assist them in their travels. We believe it is incumbent upon the Commonwealth to formulate its signs into such form that they may be clearly understood and interpreted by the motoring public of average intelligence.

Frankly, this court has been confused on more than

one occasion by signs posted by the Commonwealth, however well intended they may have been.

In this case, had the Commonwealth's sign designated "Vehicle" or some similar connotation to follow the word "Emergency," there could have been no misunderstanding. It appears to us in this case that the Commonwealth sacrificed clarity for the sake of brevity.

We, therefore, conclude that defendant, an insurance broker, was faced with an emergency situation under the circumstances, and could have reasonably construed the sign in question to authorize his course of action.

Thus, resolving the doubt in defendant's favor, we make the following:

### ORDER OF COURT

And now, to wit, September 5, 1973, we adjudge defendant not guilty. Costs shall be paid by the County of Montour.